IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

    **v.**                                      **CASE NO.  3:05cr27/RV**

**KAYTRENA J. FRANCIS**
_____/

## ORDER

Pending is the defendant's motion to dismiss.  (Doc. 13)

By information filed on March 11, 2005, the defendant Kaytrena J. Francis is charged with: (1) forcibly assaulting, resisting, opposing, impeding and interfering with two United States Air Force security force officers while they were engaged in their official duties, in violation of Title 18, United States Code, Section 111; and (2) breaching the peace or disorderly conduct, in violation of Section 877.03, Florida Statutes, and Title 18, United States Code, Sections 7 and 13.  A jury trial is set to begin on June 6, 2005.  Defendant now moves to dismiss the case, alleging that the government has violated the Speedy Trial Act of 1974 [18 U.S.C. §§3161, et seq.]

**I.**     **BACKGROUND**

On December 10, 2004, defendant Kaytrena J. Francis was arrested while on Eglin Air Force Base.  The defendant was not taken into custody, but instead was released after military police issued her two violation notices.  The first violation notice cites defendant with resisting arrest without violence, in violation of Title 18, United States Code, Section 111, which is a Class A Misdemeanor. The second violation notice cites defendant with Disorderly Conduct in violation of Section 877.03, Florida Statues, a Class B Misdemeanor.

The two citation notices apparently informed the defendant that she would receive official notice in the mail of the date, time, and place in which she would be required to appear in court.  Subsequently, Defendant received a Notice to Appear in the mail informing her that she would be required to appear at the United States District Court in Pensacola, Florida, on March 16, 2005.  On March 11, 2005, prior to Defendant's first appearance date, the Government filed an Information charging the defendant with the above referenced misdemeanor crimes.

Defendant seeks a dismissal of the information based upon the government's alleged violation of the Speedy Trial Act of 1974 [18 U.S.C. §§3161, et seq.]

## II.   DISCUSSION

Section 3161(b) of the Speedy Trial Act directs "(a)ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."   18 U.S.C. §3161(b). Defendant argues that since she was issued a summons on December 10, 2004, and the government did not file an information charging her with the crimes until March 11, 2005, approximately ninety-one (91) days later, the charges must be dismissed.

The sanctions applicable in the event of a violation of the thirty-day requirement are set forth in Section 3162(a)(1):

> "If, in the case of any individual *against whom a complaint is filed* charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained *in such complaint* shall be dismissed or otherwise dropped." (emphasis added).

Courts, including the Eleventh Circuit, have uniformly held that Section 3161(b), requiring an information to be filed within thirty days of an arrest or

summons, must be read in conjunction with Section 3162(a)(1), as quoted above. United States v. Sayers, 698 F.2d 1128 (11th Cir. 1983); United States v. Varella, 692 F.2d 1352 (11th Cir. 1982), accord United States v. Bloom, 865 F.2d 485, 489-90 (2d Cir. 1989), United States v. Lee, 818 F.2d 302, 305 (4th Cir. 1987); United States v. Candelaria, 704 F.2d 1129, 1131 (9th Cir. 1983); United States v. Alfarano, 706 F.2d 739, 741 (6th Cir. 1983); United States v. Jones, 676 F.2d 327 (8th Cir. 1982). Since Section 3162(a)(1), the Act's sanctions provision, mentions only individuals "against whom a complaint has been filed" and requires "such complaint" to be dismissed in case of a violation, courts have held that an arrest or summons standing alone in not enough to trigger the time limitations of the Speedy Trial Act. See United States v. Sayers, supra, 698 F.2d at 1131. Instead, "in order for the time limitations of 18 U.S.C. §§3161(b) and 3162(a)(1) to become applicable, both a federal complaint *and* a federal arrest and/or a federal summons are required." United States v. Lee, supra, 818 F.2d at 305.

In holding that a formal complaint is required to trigger the SpeedyTrial Act, the Eleventh Circuit reasoned that the " 'policy and purpose' of the [Speedy Trial] Act . . . [has] been to expedite the processing of pending criminal proceedings, not to supervise the exercise by a prosecutor of his investigative or prosecutorial discretion at a time when no criminal proceeding is pending before the court.'" United States v. Varella, supra, 692 F.2d at 1358 n.4.(quoting United States v. Hillegas, 578 F.2d 453 (2d Cir. 1978)). Based on this reasoning, the Eleventh Circuit has defined "arrest" for purposes of the Act as that time when an individual is formally charged with an offense or when a formal complaint is filed alleging an offense. United States v. Sayers, supra, 698 F.2d at 1131; United States v. Sanchez, 722 F.2d 1501, 1508 (11thCir. 1982); United States v. Varella, supra, 692 F.2d at1358. For instance, in United States v. Kubiak, 704 F.2d 1545 (11th Cir. 1983), the defendants were arrested by law enforcement, but were not

charged in an indictment until more than thirty days after the initial arrest. In concluding that the Speedy Trial Act was not triggered, the Eleventh Circuit noted that at the time of arrest, the defendants were never taken before a federal magistrate nor were federal charges lodged against the defendants in a complaint. Id. at 1548.

In addition to an arrest, service of a summons "in connection with such charges" also triggers the thirty-day time limitation of Section 3161(b). In this case, defendant contends that she was served a summons on December 10, 2004, at the time of the alleged incident. Since the defendant was not taken before a magistrate judge or served with a federal complaint on December 10, 2004, Defendant is apparently arguing that the two violation notices issued at the time of the incident constitute a summons. Therefore, the issue seems to be whether the violation notices issued to the defendant constitute either a "formal complaint" sufficient to constitute an "arrest" within the meaning of the Act, or whether the violation notices are a "summons" for purposes of the Act.

The Eleventh Circuit has not addressed this issue. However, the Sixth Circuit and the Ninth Circuit, the only two Circuits to discuss whether a violation notice triggers the time limitations of the Speedy Trial Act, have both concluded that such a notice issued by a law enforcement officer at the time of the alleged crime does not constitute either a formal complaint or a summons.

With respect to a summons, in United States v. Graef, 31 F.3d 362 (6th Cir. 1994), the defendant was approached by military personnel while changing a flat tire on Selfridge Air National Guard Base in Michigan. After military security officers detected the smell of alcohol, the defendant was taken into custody overnight. In the morning he was released and given a "violation notice" for drunk driving. The government filed an information in connection with the charges 180 days after the defendant's initial arrest. In determining whether the violation notice

constituted a summons, the Sixth Circuit first noted that according to the Federal Rules of Criminal Procedure, Rule 4(a) and 9(a), a summons may issue only upon a complaint or indictment/information. Thus, the violation notice was not a summons as defined by the Federal Rules. Id. at 364. The Sixth Circuit reasoned that the same concerns underlying the requirement that a "formal complaint" accompany an arrest before the Speedy Trial Act is triggered also underlie the service of summons provision. Id. The court concluded, "the summons 'trigger' must refer to a summons issued in conjunction with a complaint pursuant to Fed. R. Crim. P. 4(a). Therefore, we hold that a complaint is a prerequisite for the FSTA's summons 'trigger' just as it is for the FSTA's arrest 'trigger'." Id.

Similarly, in United States v. Boyd, 214 F.3d 1052 (9th Cir. 2000), the Ninth Circuit addressed the issue of whether a violation notice could be considered a "formal complaint." In Boyd, similar to the facts of this case, the defendant was briefly detained by military police, and subsequently released after the military police issued her a "violation notice" for assaulting a federal employee in violation of Title 18, United States Code, Section 111(a)(1) while on a United States Air Force Base. The defendant argued that the "violation notice" constituted a formal complaint issued at the time of her arrest which triggered the time limitations of the Speedy Trial Act. In rejecting the defendant's contention, the Ninth Circuit noted,

> "An action based on an indictment, information or complaint guarantees that the charges receive initial attention from a neutral magistrate. By contrast, a violation notice is completed by a law enforcement officer alone, without the oversight of a magistrate. Because one of Boyd's charges is not a petty offense, the government had to go through the proper procedures for prosecuting under an information. If the government is not allowed to proceed to trial on the basis of a violation notice in a case such as Boyd's, it should not still be held to a 30-day clock based on that same violation notice." Id. at 1057.

Further reasoning that it is only "when a charge is leveled against a defendant based upon a finding of probable cause by a judicial officer that the time limitation of section 3161(b) is relevant," the Ninth Circuit held that "a violation notice will not be equated with a complaint to begin the SpeedyTrial Act's clock." Id. at 1056-57.  I find the reasoning of the Sixth Circuit and the Ninth Circuit to be persuasive and in accord with the Eleventh Circuit's requirement that a formal complaint be filed against a defendant before the time limitations of the Speedy Trial Act are triggered.  Therefore, the violation notices issued to defendant on December 10, 2004, did not constitute either a formal complaint or a summons within the meaning of Section 3161(b) or Section 3162(a) of the Speedy Trial Act.

### III.   CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (doc.13) is DENIED.

DONE and ORDERED this 31st day of May, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**