**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

    **v.**                                  **CASE NO. 3:05CR27/RV**

**KAYTRENA J. FRANCIS**
                                  /

## ORDER

Pending are the defendant's motion for judgment of acquittal (Doc. 31) and motion to arrest judgment (Doc. 32).

This case was tried before a jury on June 6 and June 7, 2005. The defendant Kaytrena J. Francis was found guilty of both counts contained in the Information, including: forcibly resisting, opposing, impeding, and interfering with a federal officer while engaged in the performance of official duties, in violation of Title 18, United States Code, Section 111(a)(1); and engaging in conduct which constituted a breach of the peace or disorderly conduct, in violation of Section 877.03 of the Florida Statutes.

At the close of evidence in the case, the defendant moved for a judgment of acquittal on the charge of disorderly conduct, which was denied. Now, the defendant has filed a written Renewed Motion for a Judgment of Acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. The defendant additionally moves to arrest judgment pursuant to Rule 34 of the Federal Rules of Criminal Procedure.

**I. DISCUSSION**

    A.    <u>Motion for Judgment of Acquittal</u>

The defendant's motion for judgment of acquittal does not warrant a great deal of discussion. When evaluating a Rule 29 motion for judgment of acquittal, I must consider all evidence presented at trial and view that evidence in the light most favorable to the Government, and any conflict in the evidence must be resolved in the Government's favor. <u>See</u> <u>United States v. Sanchez</u>, 722 F.2d 1501, 1505 (11th Cir. 1984). In evaluating the sufficiency of the evidence, it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. <u>United States v. Miles</u>, 290 F.3d 1341, 1355 (11th Cir.), <u>cert. den.</u>, 537 U.S. 1089, 123 S. Ct. 707, 154 L. Ed. 2d 634 (2002); <u>See</u> <u>United States v. Taylor</u>, 972 F.2d 1247, 1250 (11th Cir. 1992).

In her renewed motion for judgment of acquittal, the defendant argues that the evidence at trial was insufficient to support her conviction for disorderly conduct. The Florida disorderly conduct statute provides:

> Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor in the second degree . . .

§877.03, Fla. Stat. (2004). In limiting the statute consistent with First Amendment protections, the Supreme Court of Florida has held that words alone cannot constitute disorderly conduct unless they are words "which 'by their very utterance . . . inflict injury or tend to incite an immediate breach of the peace' . . . or . . . words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others."

State v. Saunders, 339 So. 2d 641 (Fla. 1976); See, also, W.L. v. State, 769 So. 2d 1132 (Fla. 3d DCA 2000).

Nevertheless, a conviction under Section 877.03 will be upheld where the defendant's protected speech is combined with nonverbal acts which constitute disorderly conduct or a breach of the peace. United States v. Lyons, 403 F.3d 1248, 1254 (11th Cir. 2005)(citing C.L.B. v. State, 689 So. 2d 1171, 1172 (Fla. 2d DCA 1997). For example, in Wiltzer v. State, 756 So. 2d 1063 (Fla. 4th DCA 2000), the defendant refused to leave a grocery store after being asked to leave by a police officer working on the premises, and when asked for identification, the defendant threw his wallet at the police officer. Defendant's belligerent conduct attracted the attention of both employees and customers of the store. The court upheld the conviction for disorderly conduct based on the defendant's non-verbal acts. Id. at 1066.

In this case, the defendant contends that her conviction violates the First Amendment because it was based on her use of protected speech. Specifically, the defendant points out that the evidence at trial showed that defendant repeatedly told military personnel and the military security officers, "you don't know who my husband is!" when they asked her to leave, and she yelled "Rape!" when military security officers attempted to arrest her. The defendant contends that these verbal statements are insufficient to support her disorderly conduct conviction.

Even if I were to assume that yelling "Rape!" under these circumstances could be considered protected speech, the defendant's argument is unavailing because the government also submitted sufficient evidence that the defendant engaged in non-verbal conduct, apart from her verbal statements, which constituted disorderly conduct. See C.L.B. v. State, supra, 689 So. 2d 1171. For instance, there was evidence that while the defendant was arguing with the Lt.

Eskridge regarding whether she had complied with the gym rules, she acted belligerently and made threatening gestures toward Maj. Young by waving her finger in close proximity of Maj. Young's face. Further, the defendant admittedly refused to leave the premises when asked by the facility manager. When military security officers approached the defendant after being summoned to the scene, several witnesses testified that the defendant made aggressive movements towards the security officers, even after being told to step back several times. She also refused to produce her identification.

Moreover, the jury instructions in this case included the following caution:

> Verbal conduct is protected by the First Amendment. Mere words alone cannot amount to disorderly conduct unless they are fighting words, words known to be false, or reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others, such as shouting "Fire" in a crowded theater. "Fighting words" are those which are likely to cause the average person to whom they are addressed to react or respond actively or physically."

My own interpretation of the evidence in the case is the same as the jury's: beyond a reasonable doubt, the defendant's non-verbal conduct was disorderly. Accordingly, the record plainly shows that the defendant's conviction was not just based on her verbal statements. Therefore, defendant's renewed motion for judgment of acquittal must be DENIED.

B.   Motion to Arrest Judgment

The defendant's other motion does raise an interesting issue. Rule 34 of the Federal Rules of Criminal Procedure provides that "the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34. In analyzing a motion in arrest of judgment under Rule 34, "a district court must not

look beyond the face of the record," and the evidence presented at trial is not part of the record for this purpose. United States v. Sisson, 399 U.S. 267, 281, 90 S. Ct. 2117, 2125, 26 L. Ed. 2d 608 (1970).  Therefore, I may only arrest the defendant's judgment if there is a defect in the indictment or information, apart from the evidence.  Id.  See also United States v. McLemore, 815 F. Supp. 432, 433 n.3 (S.D. Ala. 1993)(holding that evidence adduced at trial is not relevant to a motion to arrest of judgment under Rule 34).

In her motion to arrest judgment, the defendant contends that the government did not allege facts in the information supporting the charge of disorderly conduct, separate from the allegation that defendant resisted arrest. Therefore, according to the defendant, the Information allowed the jury to punish the same conduct twice.[1]  The defendant contends that based on the "different evidence" test set forth in United States v. Carcaise, 763 F.2d 1328 (11th Cir. 1985), the two convictions should have merged into a single offense.[2]

In United States v. Carcaise, the Eleventh Circuit applied the Blockburger v.

---

[1] The defendant also argues that the presentation of evidence at trial and the prosecutor's closing argument supported this violation.  However, as noted earlier, evidence at trial should not be considered in determining whether to arrest a judgment.

[2] Although United States v. Carcaise addressed the issue of whether the two convictions should be merged for sentencing purpose, i.e. concurrent sentences, imposing concurrent sentences in this case for the two separate statutory convictions would not cure a Double Jeopardy violation.  In Ball v United States, 470 U.S. 856, 861, 105 S. Ct. 1668, 1672-73, 84 L. Ed. 2d 740 (1985), the Supreme Court of the United States emphasized that the Double Jeopardy Clause prohibits multiple punishments for the same offense.  In construing this prohibition, the Ball Court explained, " 'punishment' must be the equivalent of a criminal conviction and not simply the imposition of a sentence. " Id. at 861. Based on Ball v. United States, the Eleventh Circuit has recognized that when two separate convictions violate the Double Jeopardy clause, one of the convictions must be vacated. United States v. Boyd, 131 F.3d 951, 954-55 (11th Cir. 1997).

Case No.: 3:05-cr-27-RV

United States "different evidence" test, explaining "(u)nder this test, 'convictions for separate offenses arising from a single fact pattern are upheld if each statute proscribing the conduct requires proof of different facts and different elements as to each separate offense.'" Id. at 1333 (citing United States v. Hill, 500 F.2d 733, 740 (5th Cir. 1974)). The different evidence test was derived from the Supreme Court of the United States' decision in Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). See Carcaise, supra, 763 F.2d at 1333 n.18. The Double Jeopardy Clause prohibits a defendant being "twice put in jeopardy." The Supreme Court has interpreted this clause to protect against: (1) multiple trials for the same offense; and (2) multiple punishments for the same offense. Missouri v. Hunter, 459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983).

In Blockburger, the Supreme Court explained: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S. Ct. at 182. The reasoning behind the Blockburger test is the underlying assumption "that Congress ordinarily does not intend to punish the same offense under two different statutes. United States v. Whalen, 445 U.S. 684, 691-92, 100 S. Ct. 1432,1437-1438, 63 L. Ed. 2d 715. It is axiomatic that courts may not "prescribe greater punishment than the legislature intended." Rutledge v. United States, 517 U.S. 292, 297, 116 S. Ct. 1241, 1245, 134 L. Ed. 2d 419 9(1996)(citing Missouri v. Hunter, supra, 459 U.S. at 366, 103 S. Ct. at 678). Thus, the Blockburger test inquires whether each statutory offense contains an element not contained in the other. If so, then double jeopardy does not bar multiple punishment for both offenses.

In defendant's motion to arrest judgment, the defendant concedes that the

two separate statutory offenses for which she was charged require different elements.  Nevertheless, the defendant argues that the "different evidence" test still requires a merger of the two offenses.  The defendant misinterprets United States v. Carcaise to stand for the proposition that in all cases, two separate convictions based on a single transaction cannot stand, even if the two separate statutory offenses require different elements of proof.  This is clearly not the correct standard.  As noted above, the Supreme Court of the United States has firmly established that a defendant may be convicted separately for different offenses based on the same conduct or a single transaction.  Missouri v. Hunter, supra, 459 U.S. at 368, 103 S. Ct. at 679.(". . . simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes."); Gore v. United States, 357 U.S. 386, 78 S. Ct. 1280, 2 L. Ed. 2d 1405 (1958); See also Williams v. Singletary, 78 F.3d 1510, 1512 (11th Cir. 1996)("The Double Jeopardy Clause does not prohibit cumulative punishments for a single incidence of criminal behavior when the legislature clearly intends to prescribe cumulative punishments."); United States v. Horsley, 519 F.2d 1264, 1265 (5th Cir. 1975)(holding that two convictions for separate offenses arising from a single fact pattern are permissible if each statute proscribing the conduct requires proof of different elements).

In United States v. Carcaise, supra, 763 F.2d 1328, the Eleventh Circuit focused on whether the two offenses were based on different conduct because of the nature of the two statutory offenses at issue.  In Carcaise, the defendant was convicted separately of possession with intent to distribute a controlled substance and also distribution of the controlled substance. Id. at 1333.  Unlike this case, the two offenses at issue in Carcaise were in violation of the same statute, specifically

Page 8 of 9

Page 8 of 9

Title 28, United States Code, Section 841(a)(1), which makes it unlawful "to manufacture, distribute or dispense, or possess with intent to manufacture or distribute, or dispense a controlled substance."   28 U.S.C. §841(a)(1).  The Eleventh Circuit had previously determined that in enacting Section 841(a)(1) Congress did not intend to impose multiple punishment for a violation of two phrases of the same statute in a single transaction.   United States v. Hernandez, 591 F.2d 1019, 1022 (11th Cir. 1979).

Significantly, the Eleventh Circuit recognized in Hernandez: "(w)e do not deal here with the violation of separate statutes, the issue involved in Blockburger v. United States . . . but with the interpretation of two phrases in one sentence of a single law." Id. at 1022 n.9 (internal citations omitted).  But, when interpreting two separate statutes, Blockburger's "same-elements" test should be applied. Id.

Here, the indictment charges the defendant with violating two separate statutes.  The Federal Statute, [18 U.S.C. §111], requires the government to prove that the defendant: (1) forcibly assaulted, resisted, opposed, impeded, or interfered with a person; (2) the person acted upon was a federal officer; (3) the federal officer was engaged in official duties; and (4) the defendant acted knowingly and willfully.  This statute was enacted to protect both federal officers and federal functions.  United States v. Feola, 420 U.S. 671, 679, 95 S. Ct. 1255, 1261, 43 L. Ed. 2d 541

On the other hand, Section 877.03 of the Florida Statutes was enacted to protect the public. The statute prohibits, in relevant part, anyone from engaging in disorderly conduct or a breach of the peace.  Florida courts have held that Florida's disorderly conduct statute is to be interpreted in light of the common law. Gonzales v. City of Belle Glade, 287 So. 2d. 669 (Fla. 1973), which encompasses a public component to the proscribed behavior.  For instance, the common-law definition of "breach of the peace" was "all violations of the public peace or order,

or decorum; in other words, it signifies the offense of disturbing the public peace or tranquility enjoyed by the citizens of a community." See Gooding v. Wilson, 405 U.S. 518, 527,  92 S. Ct. 1103, 1108,  31 L. Ed. 2d 408.

Therefore, under the Blockburger test, the two separate statutory offenses for which the defendant was charged serve two different, but important, purposes and each requires different elements of proof.  Accordingly, the defendant's motion to arrest judgment must be DENIED.

### III.   CONCLUSION

For the foregoing reasons, the defendants' motion for judgment of acquittal (doc. 31) and her motion to arrest judgment (Doc. 32) are both DENIED.

DONE and ORDERED this 23rd day of August, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**